UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVING WATER CHURCH OF GOD,
d/b/a Okemos Christian Center, a
Michigan Ecclesiastical Non-Profit
Corporation,

   Plaintiff,

v.

CHARTER TOWNSHIP OF
MERIDIAN, et al.,

   Defendants.
               /

File No.  5:04-CV-06

HON. ROBERT HOLMES BELL

## **O P I N I O N**

   This matter comes before the Court on Plaintiff Living Water Church of God's motion for attorney fees pursuant to 42 U.S.C. § 1988.

   Where a plaintiff prevails in a civil rights action under the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee." 42 U.S.C. § 1988(b).  "Although 'may allow' has a permissive ring to it, the Supreme Court has read [Section 1988] as mandatory where the plaintiff prevails and special circumstances are absent."  *Deja Vu of Nashville, Inc. v. Metro Gov't of Nashville*, 421 F.3d 417, 420 (6th Cir. 2005) (citing *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 761 (1989)).

To be a "prevailing party," a party must "succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Granzier v. Middleton*, 173 F.3d 568, 577 (6th Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). There is no dispute in this case that Plaintiff was a "prevailing party" and is entitled to the recovery of reasonable attorney fees.

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court determined that the most useful starting point for determining the amount of a reasonable fee is the "lodestar" approach – the number of hours reasonably expended multiplied by a reasonable hourly rate.

> The reasonableness of the hours and rate is determined by considering twelve factors:
>
> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (quoting *Reed*, 179 F.3d at 471-72 n. 3).

2

It is the burden of the attorney seeking compensation to provide "evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433.  Courts are required to examine the claimed hours and exclude those hours that were not "reasonably expended." *Id.* at 434.  Although counsel is not required to record in great detail how each minute of his time was expended, counsel should at least "identify the general subject matter of his time expenditures." *McCombs v. Meijer, Inc.* 395 F.3d 346, 360 (6th Cir. 2005) (quoting *Hensley* 461 U.S. at 437 n. 12).  Under *Hensley* the attorney seeking compensation has "the burden of documenting the number of hours spent on the case and of maintaining records in a way that would allow a court to determine how much time was spent on each claim." *Moore v. Freeman*, 355 F.3d 558, 566 (6th Cir. 2004) (citing *Hensley*, 461 U.S. at 437).

Plaintiff has requested fees and costs in the amount of $104,739.13, representing 283.10 hours for Attorney Steve Jentzen at $240 per hour, 212.40 hours for Attorney Elisha Fink at $160 per hour, and costs in the amount of $2,788.63.

Defendant concedes that the hourly rates requested for the work of Mr. Jentzen and Ms. Fink are within the range of reasonable rates based on the prevailing market.  Defendant does, however, object to the total number of hours requested for a number of reasons, including vague, non-descriptive time entries, lumped billing entries, duplication of efforts, and time spent on nonrecoverable activities such as media contact and unsuccessful issues. Defendant requests the Court to disallow certain time entries and to apply a 25% reduction to the remaining entries.

Although Plaintiff has had an opportunity to respond to Defendant's objections, Plaintiff has not used this opportunity to submit more particularized billing statements. Instead, Plaintiff has submitted affidavits from attorneys who practice in this field who state generally that the total hours claimed are reasonable.

The Court agrees with Defendant's observation that much of the Plaintiff's billing record is inadequately documented. For example, Plaintiff's billing statement includes 75.5 hours worth of entries for Elisha Fink with the description "work on case," "general overview work," "overview," "work on file," "review documents," or "review file" in blocks ranging from one hour to six hours. The billing record also contains numerous entries with multiple activities listed under a single time block. For example, there is an eight hour entry for "Work on Brief, telephone call to Craig, etc.," and a five hour entry for "Conference with EV Fink regarding Brief, telephone call to Steve Shuptar, review documents, work on testimony, Jeremy, etc." Plaintiff's billing record also contains numerous references to individuals identified by only their first names. While the Court can identify who some of these individuals are based on other matters on file, there are still many mysterious references in the billing records. Such inadequate documentation "makes it impossible for the court to verify the reasonableness of the billings, either as to the necessity of the particular service or the amount of time expended on a given task." *In re Samuel R. Pierce, Jr.*, 190 F.3d 586, 594 (D.C. Cir. 1999) (quoting *In re Sealed Case*, 890 F.2d 451, 455 (D.C. Cir. 1989)).

The Court also observes that almost nine of the hours on the billing record are devoted to contact with the media and the preparation of press releases. It would not be proper to hold Defendant liable for such time expenditures. *See*, *e.g.*, *United States v. General Electric Co.*, 41 F.3d 1032, 1049 n. 12 (6th Cir. 1994); *Halderman v. Pennhurst State School & Hospital*, 49 F.3d 939, 942 (3rd Cir. 1995).

On the other hand, the Court recognizes that Plaintiff's attorneys took on a difficult case in a developing area of the law where there was little case precedent to guide them. The Court also recognizes that they undertook this representation on behalf of a client with limited resources and with no guarantee that they would be successful. Plaintiff's attorneys did obtain a favorable result for Plaintiff and they are entitled to compensation.

Given the difficulty of evaluating the reasonableness of the specific entries on the billing record, it is appropriate to cut back on the reimbursable hours. The Court concludes that a reasonable number of hours is 200 hours for Mr. Jentzen and 150 hours for Ms. Fink. The Court will enter an award of attorney fees and costs as follows:

| | | |
|---|---|---|
| Mr. Jentzen | 200 hrs. @ $240/hr  = | $48,000.00 |
| Ms. Fink | 150 hrs. @ $160/hr. = | $24,000.00 |
| Costs | | $2,788.63 |
| **Total** | | **$74,788.63.** |

An order consistent with this opinion will be entered.

Dated:   December 15, 2005            /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE

5